UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KRISTINE J.,

            Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

Case No. C22-5884-MLP

ORDER

## I.    INTRODUCTION

Plaintiff seeks review of the denial of her application for Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred in (1) discounting her subjective testimony, (2) assessing the medical opinion evidence, and (3) failing to provide reasons to discount the lay statement. (Dkt. # 12 at 1.) As discussed below, the Court REVERSES the Commissioner's final decision and REMANDS this matter for further administrative proceedings.

## II.    BACKGROUND

Plaintiff was born in 1976, has a high school diploma, and has worked as a cashier, driver, and surveillance monitor. AR at 207, 224. At the time of the administrative hearing, Plaintiff was employed as a part-time food delivery driver. *Id.* at 45.

ORDER - 1

In August 2019, Plaintiff applied for benefits, alleging disability as of January 1, 2019. AR at 176-82. Plaintiff's application was denied initially and on reconsideration, and Plaintiff requested a hearing. *Id.* at 94-102, 107-16. After the ALJ conducted a hearing in May 2021 (*id.* at 38-57), the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 21-33.

As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. AR at 6-12. Plaintiff appealed the final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v.*

*Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

### IV. DISCUSSION

**A. The ALJ Harmfully Erred in Assessing Some of the Medical Opinion Evidence**

Under regulations applicable to this case, the ALJ is required to articulate the persuasiveness of each medical opinion, specifically with respect to whether the opinions are supported and consistent with the record. 20 C.F.R. § 416.920c(a)-(c). An ALJ's consistency and supportability findings must be supported by substantial evidence. *See Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022). Plaintiff challenges the ALJ's assessment of four medical opinions, each of which the Court will address in turn.

1. *J. Alex Crampton, Psy.D., & David Morgan, Ph.D.*

Dr. Crampton examined Plaintiff in August 2019 and completed a DSHS opinion describing disabling mental symptoms and limitations. AR at 565-70. Dr. Morgan reviewed Dr. Crampton's opinion for purposes of determining Plaintiff's eligibility for state benefits, and adopted the same limitations identified by Dr. Crampton. *Id.* at 561-64. The ALJ found both of these opinions unpersuasive because they were supported only by Dr. Crampton's one-time examination and the limitations identified by these providers were inconsistent with the objective findings in Plaintiff's longitudinal record. *Id.* at 29-30.

Plaintiff contends that the ALJ erred in assessing these opinions. (Dkt. # 12 at 5-7.) Plaintiff argues that the ALJ erred in finding the opinions of Drs. Crampton and Morgan inconsistent with the longitudinal record because although Plaintiff's treating mental health providers did not perform mental status examinations, they nonetheless documented Plaintiff's mental symptoms that support the diagnoses they listed. (Dkt. # 12 at 6-7.) This argument does

not pertain to the ALJ's finding, however. The ALJ did not suggest that Plaintiff's mental health treatment notes failed to establish the existence of any mental disorders, but emphasized that the treatment notes did not contain objective findings that correspond to disabling mental limitations, and Plaintiff has not shown that this finding is erroneous. As noted by the Commissioner, the few objective mental findings in the record are normal. (Dkt. # 19 at 5 (citing AR at 739, 851).) Although the mental health treatment records indeed document mental symptoms, those notes do not reference specific functional limitations. *See* AR at 791-812. Plaintiff has not shown that the ALJ erred in finding that the functional limitations opined by Dr. Crampton and adopted by Dr. Morgan were not grounded in the treatment record.

Plaintiff also argues that the ALJ erred in finding that the opinions of Drs. Crampton and Morgan were less persuasive due to Dr. Crampton's "one-time examination" of Plaintiff because such reasoning would mean that all consultative examinations are "per se invalid." (Dkt. # 12 at 5.) The Court agrees, however, any error in this line of the ALJ's reasoning is harmless in light of the ALJ's valid consistency finding. Because Plaintiff has failed to show that the ALJ harmfully erred in finding the opinions of Drs. Crampton and Morgan unpersuasive because they were inconsistent with the record, the Court affirms this part of the ALJ's decision.

    2. *Tammy King, SUDPT*

Ms. King, Plaintiff's treating counselor, completed a form opinion in April 2021 indicating Plaintiff has disabling mental limitations. AR at 948-52. The ALJ found that Ms. King's opinion was unpersuasive because her treatment notes "do not provide the level of detail necessary to evaluate abilities in such areas as inability to focus, etc." *Id*. at 29-30. The ALJ also emphasized that Plaintiff engaged in many daily activities, including traveling and driving for work, and that there "is no evidence of frequent changes in medication or hospitalizations and

ORDER - 4

she has had inconsistent treatment." *Id*. at 30.

At the outset, the Court notes that although the ALJ found that Ms. King's opinion was not persuasive because it was "highly inconsistent with the records cited[,]" the ALJ did not go on to identify any evidence that was inconsistent with the opinion. AR at 30. The import of the ALJ's reference to Plaintiff's activities, medication stability, and lack of hospitalizations is unclear because the ALJ did not explain how or why this evidence (or lack thereof) pertained to Ms. King's opinion or was inconsistent with her conclusions. *See id*. The ALJ also found that the lack of detail in Ms. King's treatment notes precludes a determination of "the frequency and context of these comments[,]" but it is not clear how this reasoning pertains to the consistency of Ms. King's opinion with the record. *Id*. Because the ALJ did not adequately assess the supportability or consistency factors with respect to Ms. King's opinion, the Court finds that the ALJ erred in finding this opinion unpersuasive.

      3.  *Beth Liu, M.D.*

Dr. Liu examined Plaintiff in December 2019 and wrote a narrative report describing Plaintiff's disabling physical limitations as to sitting/standing/walking and other significant lifting/carrying, manipulative, postural, and environmental limitations. AR at 589-94. The ALJ found this opinion unpersuasive because "no examination of record is consistent with such degree of limitation." *Id*. at 30. The ALJ noted that although Plaintiff "happened to present as described on the day of [Dr. Liu's] examination[,]" "other examinations throughout the period are not consistent with such findings or the assigned limitations[.]" *Id*. (citing *id*. at 547, 846, 851-52, 875). The ALJ also noted that Plaintiff reported an ability to drive for up to three hours at a time, which is inconsistent with Dr. Liu's opinion that Plaintiff could sit for only 40 minutes at a time. *Id.*

ORDER - 5

Plaintiff contends that the ALJ erred in finding Dr. Liu's opinion unpersuasive based on the fact that other records did not describe Plaintiff as so limited, given that Dr. Liu's consultative examination was ordered because the State agency found that the record was insufficient to support a decision on the claim. (Dkt. # 12 at 10-11.) That may have been true at the time the State agency consultant described the record as insufficient (December 2019), but most of the records before the ALJ were generated after that time and thus the ALJ had the opportunity to compare Dr. Liu's conclusions with more evidence than was available to the State agency consultants, namely Plaintiff's 2020 and 2021 treatment records. Although Plaintiff contends that treatment notes from 2020 and 2021 could be read as consistent with Dr. Liu's opinion (dkt. # 12 at 11-12), she has not shown that they describe Plaintiff with the same limitations referenced by Dr. Liu. Thus, Plaintiff has not shown that the ALJ erred in finding that Dr. Liu described limitations not mentioned in the longitudinal treatment record, and the ALJ reasonably found Dr. Liu's conclusions unpersuasive on that basis.

Furthermore, the ALJ also noted that Plaintiff herself did not claim to be as limited as Dr. Liu found, given that Plaintiff testified that she worked two- to three-hour shifts in her part-time driving job (AR at 47) and Dr. Liu opined that Plaintiff was limited to sitting for 40 minutes at a time (*id*. at 592). Plaintiff did not explain why this line of the ALJ's reasoning is incorrect. (Dkt. # 12 at 12.) Because the ALJ reasonably found the sitting restrictions described in Dr. Liu's opinion to be inconsistent with other evidence in the record, the ALJ did not err in finding those restrictions unpersuasive on that basis.

     **B.**    **The ALJ Did Not Harmfully Err in Discounting Plaintiff's Subjective Testimony**

The ALJ summarized Plaintiff's allegations and explained that she discounted them because: (1) the objective medical record does not corroborate Plaintiff's allegations and reveals

ORDER - 6

1  some noncompliance with medication; (2) Plaintiff's daily activities are inconsistent with the
2  disabling limitations she alleges; (3) Plaintiff's course of treatment has been routine and/or
3  conservative; and (4) Plaintiff's mental symptoms improved with medication and she no longer
4  takes any medication for her physical pain. AR at 27-29. Absent evidence of malingering, an
5  ALJ must provide clear and convincing reasons to discount a claimant's testimony. *See Burrell v.*
6  *Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

7  Plaintiff contends that the ALJ essentially discounted her testimony for the same
8  erroneous reasons cited to find the medical opinions unpersuasive. (Dkt. # 12 at 13.) The Court
9  finds no harmful error in the ALJ's assessment of the medical opinions that infects the ALJ's
10 assessment of Plaintiff's testimony, however.

11 Moreover, to the extent that the ALJ relied on different, additional reasons to discount
12 Plaintiff's testimony, those reasons are also legally sufficient. As noted by the ALJ, Plaintiff's
13 symptoms worsened during periods when she did not comply with her medication regimen, but
14 improved when she did comply. AR at 28-29. Moreover, the record confirmed that Plaintiff
15 received treatment for multiple medical and mental conditions, but the treatment notes do not
16 reference the disabling limitations that Plaintiff described. *Id*.

17 Although that lack of objective corroboration may be insufficient to solely support the
18 ALJ's discounting of Plaintiff's testimony, the ALJ went on to identify specific inconsistencies
19 that undermine Plaintiff's allegations as well. For example, the ALJ contrasted Plaintiff's
20 allegations of disabling physical and mental symptoms with Plaintiff's conservative course of
21 treatment and reports of significant improvement when compliant with medication, as well as the
22 fact that Plaintiff no longer takes any prescription pain medication for her physical complaints.
23 AR at 29. This finding is supported by substantial evidence. *See, e.g.*, *id*. at 46-47, 604, 608, 610,

614-15, 711, 728, 734, 741, 747, 854, 875. Plaintiff's improvement with a course of conservative treatment is a proper consideration when assessing a claimant's testimony and Plaintiff has not shown that the ALJ's finding is erroneous. *See Smartt v. Kijakazi*, 53 F.4th 489, 500 (9th Cir. 2022) (affirming an ALJ's finding that "ongoing conservative treatment and overall improvement are inconsistent with [plaintiff's] testimony as to the severity of her impairments" (citing *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."))).

The ALJ also went on to contrast Plaintiff's allegations with some of the activities she reported. AR at 29. The ALJ noted that although Plaintiff described severe difficulty concentrating, she could nonetheless work part-time driving and manage her finances without difficulty. *Id*. The ALJ also cited evidence showing that despite Plaintiff's reports of isolating at home, she took vacations in September and November 2020. *Id*. Lastly, Plaintiff reported in April 2021 that she walked for exercise (*id*. at 882), yet testified that she cannot be on her feet for longer than 15 minutes. *See id*. at 47-48. Plaintiff has not shown that the ALJ was unreasonable in finding these activities to be inconsistent with Plaintiff's allegations, or in discounting Plaintiff's allegations on this basis. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (activities may undermine credibility where they (1) contradict the claimant's testimony or (2) "meet the threshold for transferable work skills"). Even if, as Plaintiff contends (dkt. # 12 at 16-17), the ALJ erred in citing a variety of other activities as inconsistent with Plaintiff's broad allegation of disabling pain (AR at 29), the ALJ's identification of the more specific inconsistencies as to concentrating, isolating, and walking referenced here renders harmless any error in the broader initial finding.

For all of these reasons, the Court finds that Plaintiff has not met her burden to show harmful legal error in the ALJ's assessment of her testimony. The Court therefore affirms this part of the ALJ's decision.

### C. The ALJ Should Reconsider the Lay Statement on Remand

Although the ALJ need not assess lay evidence using the same standards that apply to medical opinion evidence (20 C.F.R. § 416.920c(d)), an ALJ cannot reject significant probative evidence without explanation. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995).

In this case, Plaintiff's mother completed a third-party function report (AR at 232-39) that the ALJ considered but did not explicitly weigh. *Id*. at 30. Plaintiff contends that the ALJ erred in disregarding the lay statement without providing reasons to do so. (Dkt. # 12 at 17.) Because this case must be remanded for reconsideration of Ms. King's opinion, as explained *supra*, the ALJ will have another opportunity to evaluate Plaintiff's mother's statement in the context of the updated record on remand, and may provide an explanation for the consideration in accordance with the applicable authority.

### V. CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **REVERSED**, and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reconsider Ms. King's opinion and Plaintiff's mother's statement, and any other part of the decision as necessary in light of the updated record on remand.

Dated this 30th day of August, 2023.

MICHELLE L. PETERSON
United States Magistrate Judge